```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOYCE FRANCIS,                                              :
                                                            :   CV: 18-1610
                            Plaintiff,                      :
                                                            :   **COMPLAINT**
              -against-                                     :
                                                            :   **JURY TRIAL DEMANDED**
BANK OF AMERICA CORPORATION and                             :
DESPINA SIRIODIS (sued in her individual                    :
capacity pursuant to NYEL § 290 et seq.),                   :
                                                            :
                            Defendants.                     :
-----------------------------------------------------------X
```

Plaintiff, Joyce Francis ("plaintiff"), by her attorneys SCOTT MICHAEL MISHKIN, P.C., complaining of the Defendants, as and for her Complaint, allege as follows:

## PRELIMINARY STATEMENT

Plaintiff brings this instant action pursuant to (1) the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., for Bank of America's ("BoA") discrimination against Plaintiff; (2) the ADEA for BoA's retaliation against Plaintiff for engaging in protected activity; (3) New York Executive Law ("NYEL") §290 et seq. against BoA and Despina Siriodis ("Siriodis") (collectively referred to as "Defendants"), for their discriminatory treatment of Plaintiff due to her age; (4) NYEL against BoA and Siriodis for retaliation against Plaintiff for engaging in protected activity.

## JURISDICTION

FIRST:  The jurisdiction of the Court over this controversy is based upon the ADEA, 29 U.S.C. § 621 et seq.

SECOND:  The Court also has supplemental jurisdiction over this case pursuant to 28 U.S.C. §1367(a), as Plaintiff's NYEL claims form part of the same case and controversy.

1

THIRD: Therefore, this court has proper jurisdiction in this action.

## VENUE

FOURTH: The unlawful practices alleged below were committed within the County of Nassau, State of New York.

FIFTH: At the time of the unlawful practices, Plaintiff was, and still is, a resident of Nassau County in the State of New York.

SIXTH: The causes of action arose in the State of New York while Plaintiff was employed by Defendant BoA, who conducts substantial business in the County of Nassau in the State of New York.

SEVENTH: Therefore, this Court is the proper venue under 28 U.S.C. §1391.

## PARTIES

EIGHTH: At all times relevant to this action, Plaintiff was and is an adult individual over the age of forty (40) residing in the State of New York, County of Nassau.

NINTH: At all times relevant to this action, Plaintiff was an "employee" of Defendant BoA as defined by the ADEA and NYEL.

TENTH: At all times relevant to this action, BoA was an "employer" as defined by the ADEA and NYEL.

ELEVENTH: At all times relevant to this action, Plaintiff was an individual employed by BoA.

TWELFTH: At all times relevant to this action, Plaintiff was able to successfully complete all the essential functions that were required of her at BoA.

THIRTEENTH: BoA is a multinational banking and financial services corporation headquartered in Charlotte, North Carolina.

FOURTEENTH: BoA operates, but does not necessarily maintain, retail branches in all Fifty (50) states of the United States

FIFTEENTH: At all times relevant to this action, BoA maintained a banking center located at 2756 Long Beach Road in Oceanside, New York 11572.

SIXTEENTH: This banking center located in Oceanside is where the discriminatory and retaliatory acts were committed against Plaintiff.

SEVENTEENTH: At all times relevant to this action, Siriodis was BoA's Branch Manager for the Oceanside banking center.

EIGHTEENTH: Siriodis was appointed to Branch Manager on or about October 2016.

NINETEENTH: Siriodis had the power to do more than carry out personnel decisions made by others and is thereby individually liable for her discriminatory treatment, retaliatory treatment and adverse actions against Plaintiff.

TWENTIETH: Siriodis acted with the understanding that her actions violated clearly established legal rights of Plaintiff.

TWENTY-FIRST: Siriodis aided, abetted, incited, controlled, compelled, and/or coerced the acts against Plaintiff that are forbidden under the ADEA and NYEL.

TWENTY-SECOND: Siriodis actually participated in the conduct giving rise to Plaintiff's discrimination and retaliation claims and is thereby individually liable for her willful, wanton and malicious discriminatory and retaliatory treatment against Plaintiff pursuant to the ADEA and NYEL.

TWENTY-THIRD: Siriodis is named in her individual capacity because she knew, or should have known, that her ongoing/continuous willful and malicious actions against Plaintiff

3

violated her clearly established constitutional and statutory rights, of which a reasonable person would have known that Plaintiff's rights were being violated. As a result Siriodis has waived her qualified immunity.

TWENTY-FOURTH: The contour of Plaintiff's right not to be discriminated against due to her age, not be retaliated against due to her involvement in protected activity and not be treated adversely as compared to her similarly situated co-workers, is sufficiently clear that a reasonable official, such as Siriodis, should have known that her actions violated Plaintiff's rights.

TWENTY-FIFTH: Siriodis arbitrarily, selectively and with malicious intent discriminated against Plaintiff based on her age and retaliated against Plaintiff based on Plaintiff's involvement in protected activity.

## FACTS

TWENTY-SIXTH: Plaintiff began her dedicated career with BoA on or about June 1988, where she worked as BoA's Reconciliation Clerk.

TWENTY-SEVENTH: Plaintiff held the position of Reconciliation Clerk for approximately Six (6) Years.

TWENTY-EIGHTH: After Six (6) years, Plaintiff became a Teller at BoA. Since on or about 1994, Plaintiff held the position as BoA's Teller until her unlawful termination based on her age and for engaging in protected activity which occurred on or about May 15, 2017.

TWENTY-NINTH: During the course of her career at BoA, Plaintiff always took pride in her work and successfully carried out all the essential functions that were required as BoA's Teller.

4

THIRTIETH: Plaintiff always had good relationships with her co-workers as well as her supervisors and they all worked together in a very professional manner.

THIRTY-FIRST: However, this atmosphere of comradery and professionalism deteriorated once Despina Siriodis ("Siriodis") became the new Branch Manager at BoA on or about October 2016.

THIRTY-SECOND: Almost immediately upon the commencement of becoming BoA's Branch Manager, Siriodis started to ask Plaintiff when she was going to retire, demonstrating her animus towards Plaintiff based on her age right out of the gate.

THIRTY-THIRD: Shortly after Siriodis became the Branch Manager, on or about November 2016, she told plaintiff that she wanted a full time Teller to oversee the vault.

THIRTY-FOURTH: At the relevant time, Plaintiff was a full time Teller and also had experience overseeing the vault at her previous branch which would make her the ideal candidate for the position.

THIRTY-FIFTH: Instead of assigning the task to plaintiff, Siriodis promoted a part time Teller to full time, and this person had no experience in overseeing a vault.

THIRTY-SIXTH: Siriodis' actions were motivated with discriminatory animus as plaintiff should have been the person appointed the responsibility as she was more qualified and was already a full time teller as compared to the person who was appointed the responsibility.

THIRTY-SEVENTH: Siriodis continued her discriminatory treatment of plaintiff by threatening to cut Plaintiff's hours if BoA was overstaffed.

THIRTY-EIGHTH: As the employee with the most seniority, Plaintiff should not have been the first person to have her hours cut as there were similarly situated co-workers who had

5

less seniority and less experience than Plaintiff and they should have been the first to have their hours reduced.

THIRTY-NINTH: Those co-workers however, were younger than Plaintiff and received preferential treatment from Siriodis.

FORTIETH: Only Plaintiff was threatened to have her hours reduced, which was based on her age, because no other younger similarly situated co-worker was threatened that their hours would be reduced in the same fashion that Plaintiff was threatened.

FORTY-FIRST: In addition to the above mentioned discriminatory acts, Siriodis demonstrated her discriminatory animus towards Plaintiff when she would complain about any aspect related to Plaintiff.

FORTY-SECOND: Siriodis would complain that she hated the way Plaintiff dressed. Siriodis would say that Plaintiff's clothes were old fashion and compare her clothes to the clothes of the younger similarly situated co-workers.

FORTY-THIRD: Siriodis did not make similar comments about Plaintiff's similarly situated younger co-workers.

FORTY-FOURTH: Siriodis stated that she hated the way Plaintiff interacted with customers even though Plaintiff never had any customer complaints in the approximately Thirty (30) years she worked for BoA.

FORTY-FIFTH: Siriodis would complain that Plaintiff moved too slow while she was on her lunch break. Plaintiff would not return late from her lunch break but still Siriodis would complain about Plaintiff stating that she moves too slow and needs to retire.

FORTY-SIXTH: Additionally, Siriodis would discriminate against Plaintiff based on her age when it came time to submit vacation requests.

6

FORTY-SEVENTH: As BoA's employee with the most seniority, Plaintiff's name was the first on the list to pick a vacation time. Plaintiff submitted her request to have her vacation time in June and July but her requests were discriminatorily denied by Siriodis.

FORTY-EIGHTH: Siriodis told Plaintiff that she (Siriodis) had first pick and that Plaintiff could have vacation time in January, February, and March.

FORTY-NINTH: Siriodis then told Plaintiff that if she wants her requested time off she can retire. When younger similarly situated co-workers put in their requests for vacation time they were not denied by Siriodis like she denied Plaintiff's requests demonstrating Siriodis' discriminatory motivation.

FIFTIETH: Furthermore, no other younger similarly situated co-workers were told to retire if they want their requested time off.

FIFTY-FIRST: Further examples of discriminatory treatment of Plaintiff occurred when Siriodis would not allow Plaintiff to eat breakfast or have coffee at her work station despite allowing all the other younger similarly situated co-workers to do so.

FIFTY-SECOND: Siriodis would also schedule only plaintiff to work in the mornings alone for approximately three (3) or four (4) hours, receiving no help or assistance.

FIFTY-THIRD: No other similarly situated younger co-workers were ever required to work alone for three (3) or four (4) hours with no help or assistance demonstrating Siriodis' discriminatory animus.

FIFTY-FOURTH: Siriodis would always give preferential treatment to the younger co-workers over Plaintiff, all discriminatorily based on Plaintiff's age.

FIFTY-FIFTH: Siriodis regularly offered Plaintiff's younger co-workers Sales and Service Representation training.

7

FIFTY-SIXTH: This training was necessary in order to be promoted from a Teller at BoA and receive an increase in pay.

FIFTY-SEVENTH: Due to Siriodis' discrimination, Plaintiff was never offered this training and thus, was never afforded the opportunity to advance and receive an increase in her pay.

FIFTY-EIGHTH: Despite Plaintiff's numerous years of experience over her younger similarly situated co-workers, Plaintiff watched as these younger similarly situated co-workers were promoted to a position over Plaintiff all due to Siriodis' discriminatory actions.

FIFTY-NINTH: Due to Siriodis' discriminatory animus towards Plaintiff, Siriodis began to create fabricated performance issues in order to get Plaintiff in trouble.

SIXTIETH: Based on Siriodis' fabricated performance issues Plaintiff ended up on "final documentation."

SIXTY-FIRST: Plaintiff has worked for BoA for almost Thirty (30) years and has never once even come close to being put on "final documentation."

SIXTY-SECOND: It was only once Siriodis became branch manager, and because of Siriodis' discriminatory animus based on Plaintiff's age, that Plaintiff was placed on "final documentation."

SIXTY-THIRD: Based on Siriodis discriminatorily placing Plaintiff on "final documentation," Plaintiff was not able to receive BoA's 10-years-award.

SIXTY-FOURTH: This award is given out to employees who make their numbers every quarter for Ten (10) years. The employee also receives a monetary payout along with the award. Plaintiff met all the criteria to receive BoA's 10-years-award.

8

SIXTY-FIFTH: Despite meeting all the necessary criteria, Siriodis told Plaintiff she would not be receiving the award because she was on "final documentation."

SIXTY-SIXTH: However, another similarly situated employee at BoA received the award despite being on "final documentation" for valid reasons; unlike Plaintiff, who was placed on "final documentation" based solely on Siriodis' discriminatory animus.

SIXTY-SEVENTH: Additionally, Siriodis never put Plaintiff's younger co-workers on "final documentation" for the same reasons Siriodis placed Plaintiff on "final documentation" for, further demonstrating Siriodis' discriminatory motivation to harm Plaintiff based on her age.

SIXTY-EIGHTH: Due to the adverse actions Plaintiff had been constantly subjected to, on or about December 2016, Plaintiff formally complained to Harry Frangas ("Frangas"), BoA's District Manager, that Siriodis was treating Plaintiff unfairly because of her age and that Plaintiff wanted to be transferred to a different branch in order to stop the discrimination.

SIXTY-NINTH: Frangas responded by saying that Plaintiff should speak to Human Resources about retiring because her branch was going to become more busy due to another branch closing down.

SEVENTIETH: Frangas did not offer any help in regard to Plaintiff's formal complaint of age discrimination that she was experiencing from Siriodis.

SEVENTY-FIRST: On or about May 1, 2017, in the middle of her shift, Plaintiff was instructed by Siriodis to go to lunch and lock up her draws.

SEVENTY-SECOND: Plaintiff did as instructed despite it being an odd time for Siriodis to send someone on their lunch break. Plaintiff took the deposits she was working on and locked them in her draw and went to lunch, as she was instructed.

SEVENTY-THIRD: When Plaintiff returned from her break, she was told by BoA's assistant manager, Giananthony Damasco, that Plaintiff had left her deposits out when she went on break.

SEVENTY-FOURTH: Plaintiff said that she never leaves her deposits unattended and there must be some mistake. No explanation was given.

SEVENTY-FIFTH: Furthermore, BoA did not offer any proof to show that Plaintiff did in fact leave her deposits out.

SEVENTY-SIXTH: Then, on or about May 13, 2017, Jeremy Kirkland ("Kirkland"), BoA's District Manager, came to speak with Plaintiff about the deposits being left out.

SEVENTY-SEVENTH: Plaintiff had the opportunity to give her side of the story and she was told a decision would be made on or about May 16, 2017.

SEVENTY-EIGHTH: Plaintiff also took this opportunity to explain to Kirkland that it seems Siriodis is discriminating against her based on her age and that all she wants is a transfer to another branch to be free from such discrimination.

SEVENTY-NINTH: Kirkland said no and denied Plaintiff's request to be free from Siriodis' discrimination.

EIGHTIETH: Despite being told a decision would be made on May 16, 2017, on May 15, 2017, Siriodis called Plaintiff into her office after Plaintiff's shift had ended and fired Plaintiff.

EIGHTY-FIRST: No reason was given. No documentation was provided. The only thing Siriodis said to Plaintiff regarding her termination is that the bank will not rehire a senior.

EIGHTY-SECOND: Upon information and belief, Siriodis terminated Plaintiff's employment with BoA before the May 16, 2017 decision date to retaliate against Plaintiff for

formally complaining to Kirkland about the discriminatory treatment Siriodis was subjecting Plaintiff to.

EIGHTY-THIRD: Based on Siriodis' comments and her course of conduct since she became Branch Manager, her discriminatory animus based on Plaintiff's age could not be any clearer. BoA, through Siriodis, took the ultimate adverse action and terminated Plaintiff based on her age and for her engagement in protected activity.

EIGHTY-FOURTH: Plaintiff timely filed her complaint with the EEOC on or about July 27, 2017.

EIGHTY-FIFTH: After receiving her Right To Sue Letter from the EEOC, Plaintiff timely filed her complaint in the United States District Court, Eastern District of New York.

**WHEREFORE,** Plaintiff demands judgment against the Defendants as follows,

1. For a money judgment representing actual damages for Bank of America's discrimination against Plaintiff due to her age in violation of ADEA, in an amount to be determined by a jury;

2. For a money judgment representing compensatory damages for Bank of America's discrimination against Plaintiff due to her age in violation of ADEA, in an amount to be determined by a jury;

3. For a money judgment representing emotional damages for Bank of America's discrimination against Plaintiff due to her age in violation of ADEA, in an amount to be determined by a jury;

4. For a money judgment representing actual damages for Bank of America's retaliation against Plaintiff due to her age in violation of ADEA, in an amount to be determined by a jury;

5. For a money judgment representing compensatory damages for Bank of America's retaliation against Plaintiff due to her age in violation of ADEA, in an amount to be determined by a jury;

6. For a money judgment representing emotional damages for Bank of America's retaliation against Plaintiff due to her age in violation of ADEA, in an amount to be determined by a jury;

7. For a money judgment representing actual damages for Bank of America's discrimination against Plaintiff due to her age in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury;

8. For a money judgment representing compensatory damages for Bank of America's discrimination against Plaintiff due to her age in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury;

9. For a money judgment representing emotional damages for Bank of America's discrimination against Plaintiff due to her age in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury;

10. For a money judgment representing actual damages for Bank of America's retaliation against Plaintiff due to her age in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury;

11. For a money judgment representing compensatory damages for Bank of America's retaliation against Plaintiff due to her age in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury;

12. For a money judgment representing emotional damages for Bank of America's retaliation against Plaintiff due to her age in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury;

13. For a money judgment representing actual damages for Siriodis' discrimination against Plaintiff due to her age in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury;

14. For a money judgment representing compensatory damages for Siriodis' discrimination against Plaintiff due to her age in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury;

15. For a money judgment representing emotional damages for Siriodis' discrimination against Plaintiff due to her age in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury;

16. For a money judgment representing actual damages for Siriodis' retaliation against Plaintiff due to her age in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury;

17. For a money judgment representing compensatory damages for Siriodis' retaliation against Plaintiff due to her age in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury;

18. For a money judgment representing emotional damages for Siriodis' retaliation against Plaintiff due to her age in violation of NYEL § 290 *et seq.*, in an amount to be determined by a jury;

19. For equitable and injunctive relief;

20. For reasonable attorney's fees and costs; and

21. For all other relief as the Court may deem just and proper.

## JURY DEMAND

**Plaintiff hereby demands a trial by jury for all issues in this action.**

Dated: Islandia, New York
   March 15, 2018

              **SCOTT MICHAEL MISHKIN, P.C.**
              By: *[signature]*

              Paul A. Carruthers, Esq.
              One Suffolk Square, Suite 240
              Islandia, New York 11749
              Telephone: 631-234-1154
              Facsimile: 631-234-5048
              *Attorneys for Plaintiff*